UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KNAUF INSULATION GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10-cv-0464-TWP-TAB |
| | ) | |
| NATCITY INVESTMENTS, INC., | ) | |
| FINANCIAL INDUSTRY REGULATORY | ) | |
| AUTHORITY, INC. and RANDY KORD | ) | |
| | ) | |
| Defendants. | | |

## ENTRY ON KNAUF'S MOTION TO REMAND

This lawsuit arises out of a dispute involving the sale of millions of dollars of auction-rate securities ("ARS") by NatCity Investments, Inc. to Plaintiff Knauf Insulation GmbH ("Knauf"). Currently, this matter is before the Court on Knauf's Motion to Remand the case to the Shelby Superior Court in Shelby County, Indiana, where it was originally filed. For the reasons set forth below, Knauf's Motion to Remand [Dkt. 24] is **GRANTED**. Accordingly, this case is **REMANDED** to the Shelby County Superior Court in Shelby County, Indiana.

## I. BACKGROUND

Knauf's Complaint, originally filed in Shelby County Superior Court, named three defendants: (1) NatCity Investments, Inc. ("NatCity"), (2) the Financial Industry Regulatory Authority, Inc. ("FINRA"), and (3) NatCity's representative Randy Kord ("Kord"). On April 20, 2010, this action was removed to federal court based on diversity of citizenship. For purposes of diversity jurisdiction, Knauf, a German corporation, has its principal place of business in Shelbyville, Indiana, and is therefore a citizen of Indiana. NatCity, which was merged into PNC Investments four months before Knauf's Complaint, is a Delaware LLC. PNC Investments' sole

member is National Association PNC Bank, a national banking association organized under the laws of the United States with its principal place of business in Pennsylvania. FINRA is a Delaware not-for-profit corporation with its principal place of business in Washington D.C. Finally, Kord is a citizen of Indiana for purposes of diversity jurisdiction. Thus, if Kord was properly joined in this action, complete diversity of citizenship is destroyed because Kord and Knauf are both citizens of Indiana. If, however, Kord was fraudulently or improperly joined, complete diversity exists. Thus, the current Motion to Remand turns entirely on whether Kord was properly joined in Knauf's suit. Additional facts are added below as needed.

## II. LEGAL STANDARD

Under the doctrine of fraudulent joinder, federal courts are entitled to ignore the citizenship of a defendant for diversity purposes when there is no "reasonable possibility that a state court would rule against the non-diverse defendant" on the claims asserted against him. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success"). A defendant who seeks to remove an action to federal court has the burden of establishing complete diversity. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Here, NatCity enjoys this *heavy* burden. "The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73. (citation omitted). In the context of joinder determinations, district courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). In other words, NatCity must show that "there is no

2

possibility" that Knauf could establish a claim against Kord in state court. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992).

### III. DISCUSSION

With these exacting standards in mind, the Court reviews the substance of Knauf's allegations against Kord. Initially, Knauf's Complaint categorized its cause of action against Kord as "negligent misrepresentation." In the present motion, however, Knauf describes this categorization as a labeling error, maintaining that the Complaint stated a cause of action against Kord for professional negligence. Given the negligent misrepresentation law in Indiana, Knauf's change of heart is unsurprising. *See, e.g., Trytko v. Hubbell, Inc.*, 28 F.3d 715, 720 (7th Cir. 1994) ("Indiana has declined to recognize the tort of negligent misrepresentation in the context of rendering professional opinions.") (citations and internal quotations omitted).

Indeed, Indiana does recognize simple negligence as a theory of recovery. *Id*. (citations omitted). In Indiana, to recover under a theory of negligence, Knauf must establish: (1) Kord had a duty of care arising out of his relationship with Knauf; (2) Kord failed to conform his conduct to this standard of care; and (3) Kord's breach proximately caused Knauf's injuries. *Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 738 (7th Cir. 1999). The allegations in Knauf's Complaint adequately meet each element for a viable negligence claim. Knauf's Complaint alleges that: (1) Kord had an affirmative duty to exercise due care in providing Knauf with all material information regarding the risk associated with ARS, NatCity's role in conducting the ARS auctions, and the risk associated with the potential failure of the ARS auctions. (*See* Complaint ¶¶ 209-214); (2) Knauf had a long-standing relationship with Kord – he had advised Knauf on its cash management needs since 1996. (*Id*. at ¶ 71); (3) Knauf informed

3

Kord that from an investment standpoint, it prioritized safety and liquidity over a robust rate of return. (*Id*. at ¶¶ 72, 77-80); (4) Knauf relied on Kord's representations because of Kord's knowledge of the ARS market. (*See, e.g., id.* at ¶¶ 84-93, 216); and (5) Kord breached his duty to Knauf by misrepresenting and omitting key details about ARS investments and the auction process, proximately causing Knauf's injury. (*Id*. at ¶ 217).

NatCity does not quibble with the formulation of Knauf's Complaint in arguing against remand. Instead, NatCity premises its argument on the view that no reasonable possibility exists that an Indiana court would rule against Kord because Kord simply <u>did not owe a duty</u> to Knauf with respect to investment advice; his only duty related to the correct execution of trades.

NatCity contends that this position is backed by two Seventh Circuit cases interpreting Indiana law and an Indiana statute. First, NatCity relies upon *Holtz*, 185 F.3d 732 for the proposition that a broker-dealer owes its customers only a duty to execute trades correctly, not a duty to furnish investment advice, even if the broker-dealer provides incidental investment advice. However, the Court does not read *Holtz* in such a sweeping fashion. Instead, based on the unique facts in *Holtz*, the Seventh Circuit reaffirmed the narrower holding that "at common law in Indiana there appears to be no duty to confirm clients' intentions when the clients alter their accounts if the clients maintain control over these accounts and do not seek the advice of the institutions they allege owe them a duty." *Holtz*, 185 F.3d at 741. In making this determination, the Seventh Circuit emphasized that under the circumstances, the brokerage firm's role was limited to providing the paperwork the customer requested and did not entail furnishing actual advice, and the customer was in complete control of the discretionary aspects of his self-directed IRA account. *Id*. Moreover, the Seventh Circuit specifically noted that the

4

customer did not seek "the assistance of anyone at [the brokerage firm]" and "[h]e did not turn to the [firm] for advice or guidance." *Id*.

Second, NatCity relies upon *Shearson Hayden Stone, Inc. v. Leach*, 583 F.2d 367 (7th Cir. 1978) for a similar proposition. Once again, the Court does not believe that this case clinches NatCity's argument. After all, *Shearson* only held that where the customer, a sophisticated investor, had a "discretionary" account, meaning that he made all of the investment decisions with unfettered discretion, the broker and the customer did not have a fiduciary relationship. *Id*. at 371-72. In that case, perhaps different from the present case, the customer in *Shearson* "did not rely on the broker for advice." *Id*. at 372.[1] Last, NatCity cites Ind. Code § 23-19-1-2(15) for the position that Knauf can only recover from Kord if there was "an express investment advisory contract pursuant to which NatCity was to be specifically compensated for investment advisory services provided by Kord." [Dkt. 36 at 3]. This statute, which defines "investment adviser," clarifies that an *investment adviser* is different than a *broker-dealer*, but it does not shed persuasive light on how their legal duties to clients specifically diverge. Further, Knauf's Complaint expressly states that Nat-City was an "investment adviser" under Indiana law. (Complaint ¶ 192). At bottom, the key cases that NatCity relied upon are fact-sensitive, contain nuanced analyses, and cannot be neatly applied to the unique circumstances at hand.

Moreover, some Indiana authority chips away at NatCity's argument. On numerous occasions, Indiana courts have recognized that "brokers are liable in tort for failure to disclose all facts within their knowledge that may be material to the matter in which they are employed."

---

[1] NatCity cites a number of cases that do not apply Indiana law. *See, e.g., Robinson v. Merrill Lynch*, 337 F. Supp. 107 (N.D. Ala. 1971); *Kassover v. UBS AG*, 619 F. Supp. 2d 28, 32 (S.D.N.Y. 2008). None of these cases alters the Court's ultimate conclusion.

*Essex v. Ryan*, 446 N.E.2d 368, 371 (Ind. Ct. App. 1983) (citing *Mason Produce Co. v. Harry C. Gilbert Co.*, 141 N.E. 613 (Ind. 1923)); *see also Egan v. Burkhart*, 657 N.E.2d 401, 404 (Ind. Ct. App. 1995) (broker breached duty of good faith by failing to disclose broker's loan to purchaser and purchaser's weakened financial condition). The Court appreciates NatCity's argument that these cases are inapposite because they arise in the context of real estate, not securities. However, there is at least one Indiana case suggesting that this standard applies with equal force to broker-dealers in financial markets. *See Loer v. Neal*, 137 N.E.2d 728, 731 (Ind. Ct. App. 1956) (applying duty of good faith and disclosure to broker in the context of shares of stock). Thus, some Indiana case law suggests that a broker, like Kord, could be liable under a negligence theory for failing to disclose all facts within his knowledge that may be material to the client.

All in all, after wading through the somewhat murky state of the law, the Court believes that the operative issues are fairly debatable. Applying NatCity's "heavy" burden, the Court finds that there is a reasonable possibility that a state court may see things Knauf's way. To be clear, however, this Court is not hinting at how the state court should rule if Kord brings a 12(b)(6) Motion to Dismiss; indeed, the state court may ultimately find that Knauf failed to state a claim against Kord. Rather, this Court only finds that given the debatable state of Indiana law, no fraudulent or improper joinder occurred. Because Kord is still in the equation at this time, complete diversity of citizenship does not exist. As such, the case must be remanded.

## IV. CONCLUSION

For the reasons set forth above, Knauf's Motion to Remand [Dkt. 24] is **GRANTED**. Accordingly, this case is **REMANDED** to the Shelby County Superior Court in Shelby County, Indiana. In light of this decision, NatCity's Motion to Dismiss [Dkt. 16] and FINRA's Motion to Dismiss [Dkt. 19] are rendered **MOOT**, and the Court need not address them.

SO ORDERED:   12/02/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Nicholas A. Gowen**
SCHOPF & WEISS, LLP
gowen@sw.com,central@sw.com,miner@sw.com,swcourts@yahoo.com

**Alex Everett Gude**
BINGHAM MCHALE LLP
agude@binghammchale.com,areisinger@binghammchale.com

**Arthur James Howe**
SCHOPF & WEISS LLP
howe@sw.com,connor@sw.com,central@sw.com,swcourts@yahoo.com

**J. Lee McNeely**
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com,emtindall@msth.com

**Kenneth J. Munson**
BINGHAM MCHALE LLP
kmunson@binghammchale.com,gpsmith@binghammchale.com

**Thomas E. Satrom**
FROST BROWN TODD LLC
tsatrom@fbtlaw.com,tlsmith@fbtlaw.com

**Wayne C Turner**
BINGHAM MCHALE LLP
wturner@binghammchale.com,gpsmith@binghammchale.com